

FILED
JUL 13 2022
Debbie McMillan Barrett
Circuit Court

IN THE CIRCUIT COURT FOR WILLIAMSON COUNTY, TENNESSEE

| | |
|---|---|
| **ROBERT KELLER,**<br><br>**Plaintiff,**<br><br>**vs.**<br><br>**KHALIF KARRIEM and REAL TIME ARRIVE, INC.,**<br><br>**Defendants.** | **No.: 2022-337**<br>**JURY DEMAND** |

**COMPLAINT**

Your Plaintiff, for cause of action against the Defendants, would respectfully show unto this Honorable Court the following:

**JURISDICTION and VENUE**

1. Plaintiff, ROBERT KELLER, is a citizen and resident of Nashville, Davidson County, Tennessee and submits himself to the jurisdiction and venue of this court, for the purpose of prosecuting this action.

2. Based upon information and belief, Defendant, KHALIF KARRIEM, is a citizen and resident of Chicago, Cook County, Illinois and submits himself to the jurisdiction and venue of this court by virtue of having owned and operated a motor vehicle in the county complained of herein.

3. Based upon information and belief, Defendant, REAL TIME ARRIVE, INC. is a stock corporation with its principal place of business located at 1924 Cherokee Street, West





Covina, Los Angeles County, California. Defendant, REAL TIME ARRIVE, INC., can be served through its registered agent: Yuxin Wang.

4. Defendant, REAL TIME ARRIVE, INC., is subject to the jurisdiction and venue of this court by being an owner of the vehicle operated by Defendant, KHALIF KARRIEM.

5. Defendant, KHALIF KARRIEM, was an employee or agent of Defendant, REAL TIME ARRIVE, INC., at all relevant times.

6. Based upon information and belief, Defendant, KHALIF KARRIEM, was at all relevant times an authorized agent and/or representative of Defendant, REAL TIME ARRIVE, INC., doing the business of Defendant, REAL TIME ARRIVE, INC., and in the course and scope of employment with Defendant, REAL TIME ARRIVE, INC. Wherefore, Defendant, REAL TIME ARRIVE, INC., is and should be held liable for the negligent acts and omissions of Defendant, KHALIF KARRIEM, as alleged herein.

7. At all times relevant hereto Defendant, REAL TIME ARRIVE, INC., was acting by and through its employees/agents and is responsible for the acts of those employees and agents pursuant to respondent superior, agency, or similar theory of law.

## OCCURRENCE GIVING RISE TO ACTION

8. On 8/6/2021, at approximately 8:20am, a collision occurred on I-40 at mile marker 181.80, in Fairview, Williamson County, Tennessee, between a 2020 Toyota Rav 4 operated and owned by Plaintiff, ROBERT KELLER, and a 2016 Freight Truck operated

by Defendant, KHALIF KARRIEM and owned by Defendant, REAL TIME ARRIVE, INC.

9. At said date, time, and place, Plaintiff, ROBERT KELLER, was traveling westbound on Interstate 40. Defendant, KHALIF KARRIEM, also traveling westbound on Interstate 40 moved into the left lane to pass an abandoned car on the shoulder. When Defendant, KHALIF KARRIEM, attempted to return to the right lane, he failed to yield to Plaintiff, ROBERT KELLER and collided with his vehicle.

10. The collision caused Plaintiff, ROBERT KELLER to lose control of his vehicle The vehicle continued to the left side of the road into the median, hit the guardrail, and overturned several times before coming to rest on its roof.

11. Defendant, KHALIF KARRIEM, moved his vehicle to the right shoulder and exited his vehicle. After viewing the scene, he returned to his truck and fled the scene. Defendant, KHALIF KARRIEM, was apprehended at mile marker 104.

## ALLEGATIONS OF NEGLIGENCE

12. Defendant, KHALIF KARRIEM, was then and there negligent in that he was driving in a reckless manner; while under the influence of an intoxicant, failed to keep his vehicle under due and reasonable control, and left the scene of the accident before rendering aid, was without regard for the safety of the public in general, and your Plaintiff in particular.

13. Defendant, KHALIF KARRIEM, was further guilty of negligence per se in that he violated the following statutes of the Tennessee Code Annotated:

***§55-10-205. Reckless Driving***. --(a) Any person who drives any vehicle in willful or wanton disregard for the safety of persons or property is guilty of reckless driving.

***§55-8-136. Drivers to exercise due care***...(b) Notwithstanding any speed limit or zone in effect at the time, or right of way rules that may be applicable, every driver of a motor vehicle shall exercise due care to avoid colliding with another motor vehicle, either being driven or legally parked, upon any roadway, or any road sign, guard rail or any fixed object legally placed within or beside the roadway right of way, by operating such motor vehicle under proper control and by devoting full time and attention to operating such motor vehicle, under the existing circumstances to avoid endangering life, limb or property.

***§55-8-103. Required obedience to traffic laws - Penalty***. It is unlawful and, unless otherwise declared...it is a Class C misdemeanor, for any person to do any act forbidden or fail to perform any act required in this chapter and chapter 10 of this title...

***§55-8-117. Overtaking a vehicle on the left***. – (1) The driver of a vehicle overtaking another vehicle proceeding in the same direction shall pass to the left thereof at a safe distance and shall not again drive to the right side of the roadway until safely clear of the overtaken vehicle.

***§55-8-123. Driving on roadways laned for traffic.*** Whenever any roadway has been divided into two (2) or more clearly marked lanes for traffic, the following rules, in addition to all others consistent herewith, shall apply: (1) A vehicle shall be driven as nearly as practicable entirely within a single lane and shall not be moved from such lane until the driver has first ascertained that such movement can be made with safety...

***§55-8-152. Speed Limit Penalties***. (a) Except as provided in subsection ©, it is unlawful for any person to operate or drive a motor vehicle upon any highway or public road of this state in excess of sixty-five miles per hour (65 mph).

***§55-10-401. Driving under the influence of intoxicant***... (2) The alcohol concentration in such person's blood or breath is eight-hundredths of one percent (.08%) or more.

***§55-10-401. Intoxicated or drugged persons prohibited from driving.*** (a) It is unlawful for any person to drive or to be in physical control of any automobile or other motor driven vehicle on any of the public roads and highways in the state, or on any streets or alleys...while under the influence of any intoxicant.

***§55-8-199. Prohibited uses of mobile telephone or personal digital assistant to transmit or read written message while driving.*** (b) No person while driving a motor vehicle on any public road or highway shall use a hand-held mobile telephone or a hand-held personal digital assistant to transmit or read a written message; provided, that a driver does not transmit or read a written message for the purpose of this subsection (b) if the driver reads, selects or enters a telephone

number or name in a hand-held mobile telephone or a personal digital assistant for the purpose of making or receiving a telephone call.

***§55-10-101. Accidents involving death or personal injury***. (a) The driver of any vehicle involved in an accident resulting in injury to or death of any person shall immediately stop such vehicle at the scene of such accident or as close thereto as possible, but shall then forthwith return to and in every event shall remain at the scene of the accident until the driver has fulfilled the requirements of §55-10-103....

***§55-10-103. Duty to give information and render aid***. (a) The driver of any vehicle involved in an accident resulting in injury to or death of any person or damage to any vehicle which is driven or attended by any person shall give such driver's name, address and the registration number of the vehicle such driver is driving.

***§55-8-197. Failure to Yield the Right-of-Way*** (a) Any person who violates subdivisions (a) (1) – (6) and the violation results in an accident resulting in serious bodily injury or death of any person shall be guilty of a misdemeanor.

14. At said date, time and place, Defendant, KHALIF KARRIEM, violated Tennessee Code Annotated: ***§55-10-205. Reckless Driving, §55-8-136. Drivers to exercise due care, Driving on Marked Lanes (55-8-123), Obedience to Traffic Laws (55-8-103), Speed Limits Penalties (55-8-152), Prohibited Use of Mobile Telephone (55-8-199), Duty to Give Information & Render Aid (55-10-103), Failure to Yield Right-of-Way (55-8-197), DUI- Intoxicant or Drug (55-10-401), Accidents involving death or personal injury (§55-10-101), Overtaking a vehicle on the left (§55-8-117).***

15. Defendant, REAL TIME ARRIVE, INC., was further guilty of negligence per se in that it violated one or more sections of the Federal Motor Carrier Safety Regulations ("FMCSR"), which can be found at 49 C.F.R. sections 301 to 399 either directly or as adopted by the Tennessee Department of Transportation Safety Rules and Regulations

sections 1340-6-1-20 pursuant to Sections 65-2-102 and 65-15-113 of the Tennessee Code.

16. Upon information and belief, Defendant, REAL TIME ARRIVE, INC., and/or their affiliates under common or overlapping ownership, management and/or control own the vehicle operated by Defendant, KHALIF KARRIEM, at the time of the accident referenced herein. This Defendant, REAL TIME ARRIVE, INC., negligently entrusted the vehicle to a motor carrier and/or operator that it knew or should have known could not be relied upon to use it safely and failed to properly inspect, maintain, and repair the truck while it was in use thereafter.

17. Upon information and belief, Defendant, REAL TIME ARRIVE, INC., their affiliates knew, or in the exercise of reasonable care should have known, that Defendant, KHALIF KARRIEM, to whom the vehicle was entrusted, did not make reasonable efforts to comply with applicable Federal Motor Carrier Safety Regulations and did not have management practices in place to properly screen, qualify and supervise their drivers and/or to safely maintain their equipment during intervals between scheduled maintenance.

18. Defendant, REAL TIME ARRIVE, INC., is responsible for the negligent acts and/or omissions of Defendant, KHALIF KARRIEM, under what is known as respondeat superior, which makes an employer responsible for the negligence of its employees, under Tennessee law and under the FMCSRs at 49 C.F.R. section 390.5.

19. Defendant, REAL TIME ARRIVE, INC., was also negligent in regard to the collision in the following ways:

a. negligently hiring Defendant, KHALIF KARRIEM, to drive a tractor-trailer;

b. negligently training Defendant, KHALIF KARRIEM, to drive a tractor-trailer;

c. negligently retaining Defendant, KHALIF KARRIEM, to drive a tractor-trailer;

d. negligently supervising Defendant, KHALIF KARRIEM, to drive a tractor-trailer;

e. failing to use due care with regard to Defendant, KHALIF KARRIEM.

20. Defendant, REAL TIME ARRIVE, INC., is the sole owner of the tractor trailer being driven by Defendant, KHALIF KARRIEM at all relevant times listed herein.

21. The negligence of Defendants by violation of the statutes and as set out in the common law, constituted the proximate cause of the said collision and of the injuries and damages to your Plaintiffs as set out below. The acts and omissions of wanton, willful, and demonstrated gross disregard of public safety and the safety of Plaintiff in particular.

**DAMAGES**

22. As a direct and proximate result of said vehicular accident, Plaintiff, ROBERT KELLER, sustained severe, permanent, and painful personal injuries from which he has endured and shall continue to endure pain, suffering, emotional duress, and the loss of ability to participate in and enjoy the pleasures of life, for all of which he deserves to be compensated.

23. As a direct and proximate result of said vehicular accident, Plaintiff, ROBERT KELLER, has incurred and shall continue to incur medical expenses for which he deserves to be compensated.

**WHEREFORE, PLAINTIFF PRAYS FOR RELIEF AS FOLLOWS:**

A) For process to issue and be served upon the Defendants, requiring Defendants to answer the allegations hereof;

B) For a money judgment in favor of Plaintiff, ROBERT KELLER, against the Defendants in the amount of Three Hundred Thousand Dollars ($300,000.00);

C) For a jury of twelve to try this cause; and

D) For costs to be taxed to the Defendants.

Respectfully submitted,

BART DURHAM INJURY LAW

By: ______________________

BLAIR DURHAM, Bar No.: 021453
CHAUCEY FULLER, Bar No.: 028012
Attorneys for the Plaintiff
404 James Robertson Parkway Suite 1712
Nashville, Tennessee 37219
(615) 242-9000

CIRCUIT COURT SUMMONS | Williamson COUNTY | ~~FAIRVIEW~~, TENNESSEE

STATE OF TENNESSEE

ROBERT KELELR,

Plaintiff(s),

vs.

KHALIF KARRIEM and REAL TIME ARRIVE, INC,

Defendant(s).

CIVIL DOCKET NO: 2022-337

**Method of Service:**

- ☐ Sheriff
- ☐ Out of County Sheriff
- ☐ Secretary of State
- ☐ Certified Mail
- ☐ Personal Service
- ☒ Commissioner of Insurance

COI

**SERVE:** **Pursuant to T.C.A.§56-2-103, §56-2-503, and §56-7-1206; Serve the Tennessee Commissioner of Insurance, Agent for Service of Process for Travelers Insurance Company at: Travelers Property Casualty Insurance Company**
**Policy No.: 995380040-203-1**
**Claim No.: ISI1882**
**NAIC Code:36161**

To the above named Defendant:

You are summoned to appear and defend a civil action filed against you in Circuit Court, Williamson County, Tennessee, and your defense must be made within thirty (30) days from the date this summons is served upon you. You are further directed to file your defense with the Clerk of the Court and send a copy to the Plaintiff's attorney at the address listed below.

In case of your failure to defend this action by the above date, judgment by default will be rendered against you for the relief demanded in the complaint.

ISSUED: July 13, 2022.

Circuit Court Clerk
WilliamsonCounty, Tennessee

By [signature]
Deputy Clerk

ATTORNEY FOR PLAINTIFF Bart Durham Injury Law Phone: (615) 242-9000
404 James Robertson Parkway, 1712 Parkway Towers
or Nashville, TN 37219

PLAINTIFF'S ADDRESS ______________________

TO THE SHERIFF:

Please execute this summons and make your return hereon as provided by law.

______________________
Circuit Court Clerk

Received this summons for service this __________ day of ______________, 20______.

______________________
**SHERIFF**

RETURN ON PERSONAL SERVICE OF SUMMONS

I hereby certify and return, that on the ____________ day of ________________, 20____ I served this summons together with the complaint herein as follows:

_______________________________________________________________________________

_______________________________________________________________________________

_______________________________________________________________________________

_________________________________

SHERIFF
BY: ______________________________

RETURN ON SERVICE OF SUMMONS BY MAIL

I hereby certify and return, that on the ___________ day of _________________, 20____ I sent, postage prepaid, by registered return receipt mail or certified return receipt mail, a certified copy of the summons and a copy of the complaint in Case No. __________ to the defendant, ____________________________. On the _________ day of ________________, 20_____ I received the return receipt for said registered or certified mail, which had been signed by ____________________________ on the _________ day of _________________, 20_____. Said return receipt is attached to this original summons and both documents are being sent herewith to the Circuit Court Clerk for filing.

SWORN TO AND SUBSCRIBED BEFORE
ME ON THIS ___ DAY OF __________ 20_____

_________________________________
PLAINTIFF, PLAINTIFF'S ATTORNEY OR OTHER PERSON AUTHORIZED BY STATUTE TO SERVE PROCESS

____________________________________
_____NOTARY PUBLIC or _____ DEPUTY CLERK
MY COMMISSION EXPIRES: ________________

NOTICE

TO THE DEFENDANT(S):
Tennessee law provides a ten thousand dollar ($10,000.00) debtor's equity interest personal property exemption from execution or seizure to satisfy a judgment. If a judgment should be entered against you in this action and you wish to claim property as exempt, you must file a written list, under oath, of the items you wish to claim as exempt with the clerk of the court. The list may be filed at any time and may be filed before the judgment becomes final, it will not be effective as to any execution or garnishment issued prior to the filing of the list. Certain items are automatically exempt by law and do not need to be listed; these include items of necessary wearing apparel (clothing) for yourself and your family and trunks or other receptacles necessary to contain such apparel, family portraits, the family Bible, and school books. Should any of these items be sized you would have the right to recover them. If you do not understand your exemption right or how to exercise it, you may wish to seek the counsel of a lawyer.

ATTACH
RETURN
RECEIPT
HERE
(IF APPLICABLE)

STATE OF TENNESSEE

COUNTY OF ___________

I, ________________, Clerk of the Circuit Court in the State and County aforesaid, do hereby certify this to be a true and correct copy of the original summons issued in this case.

(To be completed only if copy certification required).

______________________, CLERK

By:________________________D.C.

CIRCUIT COURT SUMMONS Williamson COUNTY ~~FAIRVIEW~~, TENNESSEE

STATE OF TENNESSEE

**ROBERT KELELR,**

**Plaintiff(s),**

**CIVIL DOCKET NO:** 2022-337

vs.

**KHALIF KARRIEM and REAL TIME ARRIVE, INC,**

**Defendant(s).**

**Method of Service:**

- ☐ Sheriff
- ☐ Out of County Sheriff
- ☒ Secretary of State
- ☐ Certified Mail
- ☐ Personal Service
- ☐ Commissioner of Insurance

SOS

**SERVE:**

**REAL TIME ARRIVE, INC.**
**Through its Registered Agent:**
**Yuxin Wang at:**

**1924 Cherokee Street,**
**West Covina, CA 91791**

To the above named Defendant:

You are summoned to appear and defend a civil action filed against you in Circuit Court, Williamson County, Tennessee, and your defense must be made within thirty (30) days from the date this summons is served upon you. You are further directed to file your defense with the Clerk of the Court and send a copy to the Plaintiff's attorney at the address listed below.

In case of your failure to defend this action by the above date, judgment by default will be rendered against you for the relief demanded in the complaint.

ISSUED: July 13, 2022

Circuit Court Clerk
WilliamsonCounty, Tennessee

By [signature]
Deputy Clerk

ATTORNEY FOR PLAINTIFF Bart Durham Injury Law Phone: (615) 242-9000
404 James Robertson Parkway, 1712 Parkway Towers
or Nashville, TN 37219

PLAINTIFF'S ADDRESS ______________________________

TO THE SHERIFF:

Please execute this summons and make your return hereon as provided by law.

______________________________
Circuit Court Clerk

Received this summons for service this ____________ day of ________________, 20______.

______________________________
**SHERIFF**

RETURN ON PERSONAL SERVICE OF SUMMONS

I hereby certify and return, that on the ______________ day of ___________________, 20_____ I served this summons together with the complaint herein as follows:

_______________________________________________________________________________

_______________________________________________________________________________

_______________________________________________________________________________

________________________________________

SHERIFF

BY: ____________________________________

RETURN ON SERVICE OF SUMMONS BY MAIL

I hereby certify and return, that on the _____________ day of _____________________, 20____ I sent, postage prepaid, by registered return receipt mail or certified return receipt mail, a certified copy of the summons and a copy of the complaint in Case No. _____________ to the defendant, ___________________________________. On the ___________ day of ____ ______________, 20______I received the return receipt for said registered or certified mail, which had been signed by ________________________________ on the ___________ day of _____________________, 20______. Said return receipt is attached to this original summons and both documents are being sent herewith to the Circuit Court Clerk for filing.

SWORN TO AND SUBSCRIBED BEFORE ME ON THIS ___ DAY OF ____________ 20_____

________________________________________

PLAINTIFF, PLAINTIFF'S ATTORNEY OR OTHER PERSON AUTHORIZED BY STATUTE TO SERVE PROCESS

___________________________________________

_____NOTARY PUBLIC or _____ DEPUTY CLERK

MY COMMISSION EXPIRES: ___________________

NOTICE

TO THE DEFENDANT(S):

Tennessee law provides a ten thousand dollar ($10,000.00) debtor's equity interest personal property exemption from execution or seizure to satisfy a judgment. If a judgment should be entered against you in this action and you wish to claim property as exempt, you must file a written list, under oath, of the items you wish to claim as exempt with the clerk of the court. The list may be filed at any time and may be filed before the judgment becomes final, it will not be effective as to any execution or garnishment issued prior to the filing of the list. Certain items are automatically exempt by law and do not need to be listed; these include items of necessary wearing apparel (clothing) for yourself and your family and trunks or other receptacles necessary to contain such apparel, family portraits, the family Bible, and school books. Should any of these items be sized you would have the right to recover them. If you do not understand your exemption right or how to exercise it, you may wish to seek the counsel of a lawyer.

ATTACH
RETURN
RECEIPT
HERE
(IF APPLICABLE)

STATE OF TENNESSEE

COUNTY OF _____________

I,__________________, Clerk of the Circuit Court in the State and County aforesaid, do hereby certify this to be a true and correct copy of the original summons issued in this case.

_________________________, CLERK

(To be completed only if copy certification required).

By:____________________________D.C.

CIRCUIT COURT SUMMONS Williamson COUNTY ~~FAIRVIEW~~, TENNESSEE

STATE OF TENNESSEE

**ROBERT KELLER,** **CIVIL DOCKET NO:** 2022-337

**Plaintiff(s),**

vs.

**KHALIF KARRIEM and REAL TIME ARRIVE, INC,**

**Defendant(s).**

**SERVE:**

**KHALIF KARRIEM**
**Through the Secretary of State:**

**Mr. Khalif Kashiem Karriem**
**9418 S Saint Lawrence Avenue**
**Chicago, IL 60619**

**Method of Service:**

- ☐ Sheriff
- ☐ Out of County Sheriff
- ☒ Secretary of State
- ☐ Certified Mail
- ☐ Personal Service
- ☐ Commissioner of Insurance

SOS

To the above named Defendant:

You are summoned to appear and defend a civil action filed against you in Circuit Court, Williamson County, Tennessee, and your defense must be made within thirty (30) days from the date this summons is served upon you. You are further directed to file your defense with the Clerk of the Court and send a copy to the Plaintiff's attorney at the address listed below.

In case of your failure to defend this action by the above date, judgment by default will be rendered against you for the relief demanded in the complaint.

ISSUED: July 13, 2022

Circuit Court Clerk
WilliamsonCounty, Tennessee

By [signature]
Deputy Clerk

ATTORNEY FOR PLAINTIFF Bart Durham Injury Law Phone: (615) 242-9000
404 James Robertson Parkway, 1712 Parkway Towers
or Nashville, TN 37219

PLAINTIFF'S ADDRESS ______________________________

TO THE SHERIFF:

Please execute this summons and make your return hereon as provided by law.

______________________________
Circuit Court Clerk

Received this summons for service this ____________ day of ________________, 20_______.

______________________________
**SHERIFF**

RETURN ON PERSONAL SERVICE OF SUMMONS

I hereby certify and return, that on the ______________ day of ___________________, 20_____ I served this summons together with the complaint herein as follows:

______________________________________________________________________________

______________________________________________________________________________

______________________________________________________________________________

________________________________________
SHERIFF
BY: ____________________________________

RETURN ON SERVICE OF SUMMONS BY MAIL

I hereby certify and return, that on the _____________ day of ____________________, 20____ I sent, postage prepaid, by registered return receipt mail or certified return receipt mail, a certified copy of the summons and a copy of the complaint in Case No. _____________ to the defendant, _________________________________. On the ___________ day of __________________, 20______I received the return receipt for said registered or certified mail, which had been signed by _________________________________ on the ___________ day of ____________________, 20______. Said return receipt is attached to this original summons and both documents are being sent herewith to the Circuit Court Clerk for filing.

SWORN TO AND SUBSCRIBED BEFORE
ME ON THIS ___ DAY OF ____________ 20_____

________________________________________
PLAINTIFF, PLAINTIFF'S ATTORNEY OR OTHER PERSON AUTHORIZED BY STATUTE TO SERVE PROCESS

________________________________________
_____NOTARY PUBLIC or _____ DEPUTY CLERK
MY COMMISSION EXPIRES: ___________________

NOTICE

TO THE DEFENDANT(S):
Tennessee law provides a ten thousand dollar ($10,000.00) debtor's equity interest personal property exemption from execution or seizure to satisfy a judgment. If a judgment should be entered against you in this action and you wish to claim property as exempt, you must file a written list, under oath, of the items you wish to claim as exempt with the clerk of the court. The list may be filed at any time and may be filed before the judgment becomes final, it will not be effective as to any execution or garnishment issued prior to the filing of the list. Certain items are automatically exempt by law and do not need to be listed; these include items of necessary wearing apparel (clothing) for yourself and your family and trunks or other receptacles necessary to contain such apparel, family portraits, the family Bible, and school books. Should any of these items be sized you would have the right to recover them. If you do not understand your exemption right or how to exercise it, you may wish to seek the counsel of a lawyer.

ATTACH
RETURN
RECEIPT
HERE
(IF APPLICABLE)

______________________________________________________________________________

STATE OF TENNESSEE

COUNTY OF _____________

I,__________________, Clerk of the Circuit Court in the State and County aforesaid, do hereby certify this to be a true and correct copy of the original summons issued in this case.

_________________________, CLERK

(To be completed only if copy certification required).

By:___________________________D.C.

ELECTRONICALLY FILED
2022 Aug 04 1:56 PM - 22CV-337
Williamson County Circuit Court




July 26, 2022

Travelers Property Casualty Ins. Co.
2908 Poston Ave C/O C S C
Nashville, TN 37203
NAIC # 36161

Certified Mail
Return Receipt Requested
7020 1290 0001 6216 2937
Cashier # 222977

Re: Robert Keller V. Travelers Property Casualty Ins. Co.

Docket # 2022337

To Whom It May Concern

Pursuant to Tennessee Code Annotated §56-2-504 or § 56-2-506, the Department of Commerce and Insurance was served July 22, 2022, on your behalf in connection with the above-styled proceeding. Documentation relating to the subject is herein enclosed.

Designated Agent
Service of Process

Enclosures

cc: Circuit Court Clerk
Williamson County
135 4Th Ave South Room 103
Franklin, Tn 37064

State of Tennessee, Department of Commerce & Insurance
500 James Robertson Parkway, Service of Process - 10th Floor, Nashville, TN 37243
Service.Process@tn.gov; 615-532-5260



CIRCUIT COURT SUMMONS Williamson COUNTY Franklin, TENNESSEE

STATE OF TENNESSEE

ROBERT KELELR, CIVIL DOCKET NO: 2022-337

Plaintiff(s),

vs.

RETURN To Circuit Court

KHALIF KARRIEM and REAL TIME ARRIVE, INC,

Defendant(s).

SERVE: Pursuant to T.C.A.§56-2-103, §56-2-503, and §56-7-1206; Serve the Tennessee Commissioner of Insurance, Agent for Service of Process for Travelers Insurance Company at: Travelers Property Casualty Insurance Company
Policy No.: 995380040-203-1
Claim No.: ISI1882
NAIC Code:36161

Method of Service:

- ☐ Sheriff
- ☐ Out of County Sheriff
- ☐ Secretary of State
- ☐ Certified Mail
- ☐ Personal Service
- ☒ Commissioner of Insurance

To the above named Defendant:

You are summoned to appear and defend a civil action filed against you in Circuit Court, Williamson County, Tennessee, and your defense must be made within thirty (30) days from the date this summons is served upon you. You are further directed to file your defense with the Clerk of the Court and send a copy to the Plaintiff's attorney at the address listed below.

In case of your failure to defend this action by the above date, judgment by default will be rendered against you for the relief demanded in the complaint.

ISSUED: July 13, 2022.

Circuit Court Clerk
WilliamsonCounty, Tennessee

By [signature] Williams
Deputy Clerk

ATTORNEY FOR PLAINTIFF Bart Durham Injury Law Phone: (615) 242-9000
404 James Robertson Parkway, 1712 Parkway Towers
or Nashville, TN 37219

PLAINTIFF'S ADDRESS ______________________________

TO THE SHERIFF:

Please execute this summons and make your return hereon as provided by law.

______________________________
Circuit Court Clerk

Received this summons for service this ____________ day of ________________, 20_______.

______________________________
SHERIFF

RETURN ON PERSONAL SERVICE OF SUMMONS

I hereby certify and return, that on the ____________ day of ________________, 20_____ I served this summons together with the complaint herein as follows:

______________________________________________________________________

______________________________________________________________________

______________________________________________________________________

______________________________
SHERIFF
BY: ______________________________

RETURN ON SERVICE OF SUMMONS BY MAIL

I hereby certify and return, that on the ____________ day of __________________, 20____ I sent, postage prepaid, by registered return receipt mail or certified return receipt mail, a certified copy of the summons and a copy of the complaint in Case No. ____________ to the defendant, ______________________________. On the __________ day of ________________, 20______ I received the return receipt for said registered or certified mail, which had been signed by ______________________________ on the __________ day of __________________, 20______. Said return receipt is attached to this original summons and both documents are being sent herewith to the Circuit Court Clerk for filing.

SWORN TO AND SUBSCRIBED BEFORE
ME ON THIS ___ DAY OF ___________ 20_____

______________________________
PLAINTIFF, PLAINTIFF'S ATTORNEY OR OTHER PERSON AUTHORIZED BY STATUTE TO SERVE PROCESS

______________________________
_____NOTARY PUBLIC or _____ DEPUTY CLERK
MY COMMISSION EXPIRES: ________________

NOTICE

TO THE DEFENDANT(S):
Tennessee law provides a ten thousand dollar ($10,000.00) debtor's equity interest personal property exemption from execution or seizure to satisfy a judgment. If a judgment should be entered against you in this action and you wish to claim property as exempt, you must file a written list, under oath, of the items you wish to claim as exempt with the clerk of the court. The list may be filed at any time and may be filed before the judgment becomes final, it will not be effective as to any execution or garnishment issued prior to the filing of the list. Certain items are automatically exempt by law and do not need to be listed; these include items of necessary wearing apparel (clothing) for yourself and your family and trunks or other receptacles necessary to contain such apparel, family portraits, the family Bible, and school books. Should any of these items be sized you would have the right to recover them. If you do not understand your exemption right or how to exercise it, you may wish to seek the counsel of a lawyer.

ATTACH
RETURN
RECEIPT
HERE
(IF APPLICABLE)

STATE OF TENNESSEE
COUNTY OF Williamson

I, Debbie McBarrett, Clerk of the Circuit Court in the State and County aforesaid, do hereby certify this to be a true and correct copy of the original summons issued in this case.

Debbie M. Barrett, CLERK
By: Gigi Williams, D.C.

(To be completed only if copy certification required).



CIRCUIT COURT SUMMONS    Williamson COUNTY    Franklin, TENNESSEE

STATE OF TENNESSEE

ROBERT KELELR,    CIVIL DOCKET NO: 2022-337

Plaintiff(s),

vs.

KHALIF KARRIEM and REAL TIME ARRIVE, INC,

Defendant(s).

RETURN To Circuit Court

Method of Service:

- ☐ Sheriff
- ☐ Out of County Sheriff
- ☒ Secretary of State ✓
- ☐ Certified Mail
- ☐ Personal Service
- ☐ Commissioner of Insurance

SERVE: REAL TIME ARRIVE, INC.
Through its Registered Agent:
Yuxin Wang at:

1924 Cherokee Street,
West Covina, CA 91791

RECEIVED
AUG 12 2022
CIRCUIT COURT

To the above named Defendant:

You are summoned to appear and defend a civil action filed against you in Circuit Court, Williamson County, Tennessee, and your defense must be made within thirty (30) days from the date this summons is served upon you. You are further directed to file your defense with the Clerk of the Court and send a copy to the Plaintiff's attorney at the address listed below.

In case of your failure to defend this action by the above date, judgment by default will be rendered against you for the relief demanded in the complaint.

ISSUED: July 13, 2022    Debbie M. Barrett
Circuit Court Clerk
WilliamsonCounty, Tennessee

By Angie Williams
Deputy Clerk

ATTORNEY FOR PLAINTIFF Bart Durham Injury Law    Phone: (615) 242-9000
404 James Robertson Parkway, 1712 Parkway Towers
or    Nashville, TN 37219

PLAINTIFF'S ADDRESS ______________________________

TO THE SHERIFF:

Please execute this summons and make your return hereon as provided by law.

______________________________
Circuit Court Clerk

SECRETARY OF STATE
TRE HARGETT
2022 JUL 20 AM 9:33
STATE OF TENNESSEE
RECEIVED

Received this summons for service this ______________ day of ______________________, 20_______.

______________________________
SHERIFF



RETURN ON PERSONAL SERVICE OF SUMMONS

I hereby certify and return, that on the ______________ day of __________________, 20_____ I served this summons together with the complaint herein as follows:

______________________________________________________________________________

______________________________________________________________________________

______________________________________________________________________________

_______________________________________
SHERIFF
BY: ___________________________________

RETURN ON SERVICE OF SUMMONS BY MAIL

I hereby certify and return, that on the _____________ day of _____________________, 20____ I sent, postage prepaid, by registered return receipt mail or certified return receipt mail, a certified copy of the summons and a copy of the complaint in Case No. _____________ to the defendant, ______________________________. On the ___________ day of ____ _______________, 20______I received the return receipt for said registered or certified mail, which had been signed by _________________________________ on the ___________ day of _____________________, 20______. Said return receipt is attached to this original summons and both documents are being sent herewith to the Circuit Court Clerk for filing.

SWORN TO AND SUBSCRIBED BEFORE
ME ON THIS ___ DAY OF ____________ 20_____

_______________________________________
PLAINTIFF, PLAINTIFF'S ATTORNEY OR OTHER PERSON AUTHORIZED BY STATUTE TO SERVE PROCESS

_______________________________________
_____NOTARY PUBLIC or _____ DEPUTY CLERK
MY COMMISSION EXPIRES: __________________

NOTICE

TO THE DEFENDANT(S):
Tennessee law provides a ten thousand dollar ($10,000.00) debtor's equity interest personal property exemption from execution or seizure to satisfy a judgment. If a judgment should be entered against you in this action and you wish to claim property as exempt, you must file a written list, under oath, of the items you wish to claim as exempt with the clerk of the court. The list may be filed at any time and may be filed before the judgment becomes final, it will not be effective as to any execution or garnishment issued prior to the filing of the list. Certain items are automatically exempt by law and do not need to be listed; these include items of necessary wearing apparel (clothing) for yourself and your family and trunks or other receptacles necessary to contain such apparel, family portraits, the family Bible, and school books. Should any of these items be sized you would have the right to recover them. If you do not understand your exemption right or how to exercise it, you may wish to seek the counsel of a lawyer.

ATTACH
RETURN
RECEIPT
HERE
(IF APPLICABLE)

______________________________________________________________________________

STATE OF TENNESSEE

COUNTY OF Williamson

I, Debbie M. Barrett, Clerk of the Circuit Court in the State and County aforesaid, do hereby certify this to be a true and correct copy of the original summons issued in this case.

Debbie M. Barrett, CLERK

By: [signature] D.C.

(To be completed only if copy certification required).







Date Produced: 08/01/2022

TN SECRETARY OF STATE:

The following is the delivery information for Certified Mail™ item number 9489 0090 0027 6425 5172 73. Our records indicate that this item was delivered on 07/26/2022 at 03:30 p.m. in WEST COVINA, CA 91791. The scanned image of the recipient information is provided below.

Signature of Recipient :

Address of Recipient : 1924 CHEROKEE ST WEST COVINA, CA 91791

Thank you for selecting the Postal Service for your mailing needs. If you require additional assistance, please contact your local post office or Postal Service representative.

Sincerely,
United States Postal Service

The customer reference number shown below is not validated or endorsed by the United States Postal Service. It is solely for customer use.

Customer Reference Number: 2022-337



**Tre Hargett**
Secretary of State

RECEIVED
AUG 12 2022

**Division of Business Services**
**Department of State**
State of Tennessee
312 Rosa L. Parks AVE, 6th FL
Nashville, TN 37243-1102

## AFFIDAVIT AND ENDORSEMENT

Case #: **2022-337** 08/05/2022

Certified #: **9489009000276425517273** SOS Summons #: 12637027

RE: **ROBERT KELLER**

VS: **KHALIF KARRIEM AND REAL TIME ARRIVE, INC.**

I, JAMIE BURNETT, having been duly authorized by Tre Hargett, Secretary of State of Tennessee, do hereby make oath on his behalf and under authorization as follows:

That on 07/20/2022, I received from the plaintiff the original and certified copies of the process, notice or demand issued against YUXIN WANG whose address is: 1924 CHEROKEE STREET, WEST COVINA, CA 91791, and that on 07/21/2022, I mailed by registered or certified return-receipt mail the certified copies of the process, notice, or demand to the above address together with a written notice that service was made.

I further make oath that the return receipt for the registered or certified letter was received at my office in Nashville, Tennessee, on 08/02/2022, and returned to WILLIAMSON COUNTY - CIRCUIT COURT of FRANKLIN, TN on 08/05/2022.

Tre Hargett
Tre Hargett
Secretary of State

By: Jamie Burnett POA

Sworn to and subscribed before me this

3rd day of August, 20 22

[signature]
Notary Public

My Commission Expires: 1-8-24

DEBORAH S. CHANEY STATE OF TENNESSEE NOTARY PUBLIC COUNTY OF DAVIDSON

SS-4201(Rev. 9/15) RDA 1003






**Tre Hargett**
Secretary of State

**Division of Business Services**
**Department of State**
State of Tennessee
312 Rosa L. Parks AVE, 6th FL
Nashville, TN 37243-1102

BART DURHAM INJURY LAW
ALEXANDER TRUJILLO
STE 1712
404 JAMES ROBERTSON PKWY
NASHVILLE, TN 37219-1586




## Receipt Detail

Receipt ID: 007390666
Receipt Date: 07/20/2022
Receipt Total: $20.00

| Item | Description | Check/Ref # | DLN # | Price | # | Amount |
|---|---|---|---|---|---|---|
| Summons | Summons | 12637027 | | $20.00 | 1 | $20.00 |
| Payment-Account | BART DURHAM INJURY LAW, NASHVILLE, TN | 63627 | | $20.00 | 1 | ($20.00) |



**Tre Hargett**
Secretary of State

**Division of Business Services**
**Department of State**
State of Tennessee
312 Rosa L. Parks AVE, 6th FL
Nashville, TN 37243-1102

---

DEBBIE MCMILLAN BARRETT
135 4TH AVE S
FRANKLIN, TN 37064-2500

RECEIVED
AUG 12 2022
~~GENERAL SESSIONS~~ CIRCUIT

08/05/2022
Case #: **2022-337**
Certified #: **9489009000276425517273**

RE: **ROBERT KELLER**

VS: **KHALIF KARRIEM AND REAL TIME ARRIVE, INC.**

Dear Clerk,

Enclosed are the following papers in the above styled case:

☑ Original Summons

☑ Affidavit and Endorsement

☑ Registered or Certified Return Receipt signed by:

SEE USPS

☐ Registered or Certified letter returned refused

☐ Registered or Certified letter returned undelivered with notation:

Sincerely,

Tre Hargett
Tre Hargett
Secretary of State

Enclosures: Original Documents

SS-4210 (Rev. 8/15) RDA 1003

IN THE CIRCUIT COURT FOR WILLIAMSON COUNTY, TENNESSEE

FILED
AUG 29 2022
Debbie McMillan Barrett
Circuit Court

| | | |
|---|---|---|
| **ROBERT KELLER,**<br><br>**Plaintiff,**<br><br>**vs.**<br><br>**KHALIF KARRIEM and REAL TIME ARRIVE, INC.,**<br><br>**Defendants.** | ) | **DOCKET NO.: 2022-337**<br>**JURY DEMAND** |

**ANSWER OF TRAVELERS PROPERTY CASUALTY INSURANCE COMPANY**

COMES NOW Travelers Property Casualty Insurance Company, (hereinafter "Travelers"), by and through undersigned counsel, after having been served with process pursuant to the uninsured motorist provisions set forth in Tenn. Code Ann. §56-7-1201 *et seq*, pursuant to all rights specified in that statute, and without electing at this time to defend in its own name or in the name of the alleged uninsured motorist, but expressly reserving the right to elect at or prior to the trial in this cause as provided by statute; and without representing the alleged uninsured/underinsured named Defendants but expressly reserving the right to elect to defend in their name at the insurer's option; and without admitting that the named Defendants, or any other, are the owners or operators of an alleged uninsured motor vehicle but expressly reserving the right to deny that the said Defendants are uninsured or an underinsured motorist, and without acknowledging that Travelers affords coverage for the claims allegedly set forth in the Complaint as the uninsured motorist carrier or otherwise but expressly relying upon all rights as provided by the applicable Tennessee uninsured motorist statute and provided by the terms

and conditions of the contract of insurance reportedly sued upon herein and for answer to the Summons and Complaint herein says:

**FIRST DEFENSE**

As a First Defense, Travelers responds to the allegations of the Complaint as follows:

1. The allegations contained in Paragraph 1 of the Complaint are admitted based upon current information and belief.

2. Travelers lacks sufficient knowledge or information to admit or deny the allegations of Paragraph 2 of the Complaint and demands strict proof thereof.

3. Travelers lacks sufficient knowledge or information to admit or deny the allegations of Paragraph 3 of the Complaint and demands strict proof thereof.

4. Travelers lacks sufficient knowledge or information to admit or deny the allegations of Paragraph 4 of the Complaint and demands strict proof thereof.

5. Travelers lacks sufficient knowledge or information to admit or deny the allegations of Paragraph 5 of the Complaint and demands strict proof thereof.

6. Travelers lacks sufficient knowledge or information to admit or deny the allegations of Paragraph 6 of the Complaint and demands strict proof thereof.

7. Travelers lacks sufficient knowledge or information to admit or deny the allegations of Paragraph 7 of the Complaint and demands strict proof thereof.

8. Travelers does not have sufficient information by which to formulate an answer concerning how the accident occurred, and accordingly, the specific allegations contained in Paragraph 8 of the Complaint are neither admitted nor denied, and strict proof is demanded of all such allegations if Travelers' rights are to be, in any way, affected thereby.

9. Travelers does not have sufficient information by which to formulate an answer concerning how the accident occurred, and accordingly, the specific allegations contained in Paragraph 9 of the Complaint are neither admitted nor denied, and strict proof is demanded of all such allegations if Travelers' rights are to be, in any way, affected thereby.

10. Travelers does not have sufficient information by which to formulate an answer concerning how the accident occurred, and accordingly, the specific allegations contained in Paragraph 10 of the Complaint are neither admitted nor denied, and strict proof is demanded of all such allegations if Travelers' rights are to be, in any way, affected thereby.

11. Travelers does not have sufficient information by which to formulate an answer concerning how the accident occurred, and accordingly, the specific allegations contained in Paragraph 11 of the Complaint are neither admitted nor denied, and strict proof is demanded of all such allegations if Travelers' rights are to be, in any way, affected thereby.

12. Travelers does not have sufficient information by which to formulate an answer concerning how the accident occurred, and accordingly, the specific allegations contained in Paragraph 12 of the Complaint are neither admitted nor denied, and strict proof is demanded of all such allegations if Travelers' rights are to be, in any way, affected thereby.

13. Travelers does not have sufficient information by which to formulate an answer concerning how the accident occurred, and accordingly, the specific allegations contained in Paragraph 13 of the Complaint are neither admitted nor denied, and strict proof is demanded of all such allegations if Travelers' rights are to be, in any way, affected thereby.

14. Travelers does not have sufficient information by which to formulate an answer concerning how the accident occurred, and accordingly, the specific allegations contained in

Paragraph 14 of the Complaint are neither admitted nor denied, and strict proof is demanded of all such allegations if Travelers' rights are to be, in any way, affected thereby.

15. Travelers does not have sufficient information by which to formulate an answer concerning how the accident occurred, and accordingly, the specific allegations contained in Paragraph 15 of the Complaint are neither admitted nor denied, and strict proof is demanded of all such allegations if Travelers' rights are to be, in any way, affected thereby.

16. Travelers does not have sufficient information by which to formulate an answer concerning the specific allegations contained in Paragraph 16 of the Complaint are neither admitted nor denied, and strict proof is demanded of all such allegations if Travelers' rights are to be, in any way, affected thereby.

17. Travelers does not have sufficient information by which to formulate an answer concerning the specific allegations contained in Paragraph 17 of the Complaint are neither admitted nor denied, and strict proof is demanded of all such allegations if Travelers' rights are to be, in any way, affected thereby.

18. Travelers does not have sufficient information by which to formulate an answer concerning the specific allegations contained in Paragraph 18 of the Complaint are neither admitted nor denied, and strict proof is demanded of all such allegations if Travelers' rights are to be, in any way, affected thereby.

19. Travelers does not have sufficient information by which to formulate an answer concerning the specific allegations contained in Paragraph 19 of the Complaint are neither admitted nor denied, and strict proof is demanded of all such allegations if Travelers' rights are to be, in any way, affected thereby.

20. The allegations contained in Paragraph 20 of the Complaint are admitted based upon current information and belief.

21. Travelers does not have sufficient information by which to formulate an answer concerning how the accident occurred and/or the nature and extent of alleged injuries suffered by the Plaintiff, and accordingly, the specific allegations contained in Paragraph 21 of the Complaint are neither admitted nor denied, and strict medical proof is demanded of all such allegations if Travelers' rights are to be, in any way, affected thereby.

22. Travelers does not have sufficient information by which to formulate an answer concerning how the accident occurred and/or the nature and extent of alleged injuries suffered by the Plaintiff, and accordingly, the specific allegations contained in Paragraph 22 of the Complaint are neither admitted nor denied, and strict medical proof is demanded of all such allegations if Travelers' rights are to be, in any way, affected thereby.

23. Travelers does not have sufficient information by which to formulate an answer concerning how the accident occurred and/or the nature and extent of alleged injuries suffered by the Plaintiff, and accordingly, the specific allegations contained in Paragraph 23 of the Complaint are neither admitted nor denied, and strict medical proof is demanded of all such allegations if Travelers' rights are to be, in any way, affected thereby.

The "WHEREFORE" paragraph is a prayer for relief and requires no response by Travelers except a general denial.

**SECOND DEFENSE**

Travelers avers that the Defendants may have been insured under one or more liability insurance policies applicable at the time of the collision and Travelers demands strict proof that the uninsured/underinsured motorist provisions of its policy apply to these factual circumstances.

**THIRD DEFENSE**

Travelers reserves the right to rely upon each and every provision set forth in the policy of insurance and Travelers further demands strict proof that the Plaintiff has complied with all the contractual provisions of the policy of insurance with Travelers. Travelers reserves the right to introduce a complete copy of the insurance policy at the trial of this matter.

**FOURTH DEFENSE**

Travelers demands strict proof that thc sum of the limits of the Defendants' liability insurance polic(ies) are less than the applicable limits of Travelers policy providing insurance coverage for the Plaintiff.

**FIFTH DEFENSE**

Travelers avers that it would be entitled to a reduction in its uninsured/underinsured motorist liability in this case based upon any amounts paid to payable under the terms of its policy of insurance with Travelers or as a rcsult of any sums paid by or on behalf of the Defendants or their liability insurance carrier to the Plaintiff or for any payments made pursuant to the workers' compensation laws, disability benefit laws, or any other similar law, automobile medical payments insurance coverage, or any other similar automobile medical payments coverage.

## SIXTH DEFENSE

If Plaintiff has heretofore settled or should hereafter settle for any of the alleged injuries or damages with anyone including the parties or potential tortfeasors, then Travelers is entitled to a credit and offset in the amount of said settlement and/or for the amount of the settling parties and/or persons' allocated percentage of fault pursuant to Tenn. Code Ann. § 50-6-112 *et. seq.*

## SEVENTH DEFENSE

Travelers adopts as its own, as if copied verbatim herein, any pleas or defenses potentially available to it which have been or may be set forth in pleadings or responses filed by the named Defendants in this case, if any, and Travelers relies upon the legal requirement that liability of the named Defendants must be established before Travelers can have any potential liability whatsoever in this case.

## EIGHTH DEFENSE

Travelers would show that, if any payments are made pursuant to the uninsured/underinsured motorist provisions of its policy, then, Travelers shall be subrogated to the extent of such payments to all of the Plaintiff's right of recovery against the Defendants. In addition, Travelers avers that the Plaintiff is required to do whatever is necessary to secure such subrogation rights and shall not in any way prejudice this potential subrogation recovery of Travelers.

## NINTH DEFENSE

Travelers moves for a severance and separate non-jury trial of all insurance coverage issues raised herein, and for a determination of all rights, duties, responsibilities and liabilities of the parties under the insurance policy in question.

## TENTH DEFENSE

Travelers reserves the right to defend in its own name or in the name of the Defendants.

## ELEVENTH DEFENSE

Any remaining allegations in Plaintiff's Complaint not expressly admitted or denied are hereby specifically denied.

## TWELFTH DEFENSE

Travelers reserves the right to amend and include additional affirmative defenses as investigation and discovery continues in this matter.

WHEREFORE, having fully answered Plaintiff's Complaint, Travelers demands a jury of twelve (12) persons to try the liability and damages issues as set forth in the Complaint and prays this Court grant any and all other relief to which they may be entitled.

Respectfully submitted,

**LAW OFFICES OF LYNN VO LAWYER**

By: ______________________________

**Lynn Vo Lawyer**
BPRN 022329
Attorneys for Travelers Property Casualty Insurance Company
P.O. Box 2903
Hartford, CT 06104-2903
(615) 660-6203
LLawyer@travelers.com

**CERTIFICATE OF SERVICE**

I hereby certify that a true and exact copy of the foregoing document has been served on the following, on the 24th day of August, 2022:

Blair Durham, Esq.
Chaucey Fuller, Esq.
Bart Durham Injury Law
404 James Robertson Parkway, Suite 1712
Nashville, TN 37219
blair@bartdurham.net
chauceyfuller3@hotmail.com

**Lynn Vo Lawyer**